Laurance C. Boyd
Oklahoma State Bar No. 35289
THE LAW OFFICE OF LAURANCE C. BOYD, PLLC
12740 Hillcrest Road, Suite 138
Dallas, Texas 75230
Telephone: (972) 460-5600
Email: larry@lcboyd-law.com
Proposed Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **MATTHEW RYAN and LILLY RYAN** | § | **CASE NO: 26-43249** |
| | § | |
| **Debtors** | § | **Chapter 7** |

---

| | | |
|---|---|---|
| **MATTHEW RYAN and LILLY RYAN** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Adversary No.______________** |
| **MERITIZE and MISSOURI HIGHER** | § | |
| **EDUCATION LOAN AUTHORITY a/k/a** | § | |
| **MOHELA** | § | |
| | § | |
| **Defendants** | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. 523(a)(8)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Matthew Ryan and Lilly Ryan, Debtors and Plaintiffs herein ("Plaintiffs"), and files this their *Complaint to Determine Dischargeability of Student Loan Debt Pursuant to 11 U.S.C. § 523(a)(8)* and in support of same would show the Court as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (I) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PARTIES

3. Plaintiffs are individual Chapter 7 Debtors in the above-referenced bankruptcy case.

4. Defendant Meritize ("Meritize") may be served with process by serving Chris Keaveney, Chief Executive Officer or any other officer, located at 2770 Main Street, Suite 152, Frisco, Texas 75033.

5. Defendant Missouri Higher Education Loan Authority a/k/a MOHELA ("MOHELA") may be served with process by serving Scott Giles, Chief Executive Officer or any other officer, located at 633 Spirit Drive, Chesterfield, Missouri 63005.

## III. FACTUAL BACKGROUND

6. In or about July 2022, Plaintiff Matthew Ryan ("Ryan") commenced flight training at Aviator Air, LLC ("Aviator"), now known as Spartan Flight Academy ("SFA" or "Spartan").

7. To participate in such training, Ryan entered into a Promissory Note (the "Note") with Meritize on or about July 21, 2022. A copy of that Note is attached hereto as **Exhibit "A."** Payments were sent to a loan servicer identified as MOHELA, i.e. the Missouri Higher Education Loan Authority located at 633 Spirit Drive, Chesterfield, Missouri 63005.

8. Plaintiffs are obligated to Meritize and/or MOHELA for loans in the estimated amount of $70,986.00.

9. During the period in which the Ryan was enrolled in both in-flight and ground school training, (i.e. from September 1, 2022 to January 12, 2024) he logged 221.4 hours for an average of 3.1 hours of training per week (or 37.2 minutes per day given a 5-day academic week).

10. Furthermore, the training provided fell under Federal Aviation Regulation Part 61 ("FAR Part 61") (codified at 14 C.F.R. Part 61) as opposed to Federal Aviation Regulation Part 141.

11. A review of the Aviator Air, LLC ("Aviator") website at https://www.aopa.org/destinations/business/10495 fails to identify financing and loan options for the flight training conducted at that facility.

12. On or about October 15, 2025 Aviator Air became and/or was acquired by the Spartan Flight Academy ("SFA" or "Spartan"). Spartan's website at https://spartanflightacademy.com/ expressly states that it "offers non-Title IV, non-accredited FAA Part 141 training that is not eligible for federal student aid[,] operates independently from Spartan College of Aeronautics and Technology. Spartan Flight Academy[, and that it] does not guarantee third-party certifications/ratings or employment." (See **Exhibit "B."**)

13. On July 27, 2026 ("Petition Date"), Plaintiffs filed their voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

14. A review of the Federal School Code List prepared by the Department of Education, which identifies all eligible educational institutions that it oversees for the purposes of participation in federal student financial assistance programs that make "qualified educational loans" under such programs shows that during the period in which the Debtor applied for the loan in question and/or attended Aviator / Spartan," that / those institution(s) did not appear on such list (dated May 2022 and posted to the U.S Department of Education Federal Student Aid website https://fsapartners.ed.gov/knowledge-center/library/federal-school-code-lists/2022-05-05/2022-

23-federal-school-code-list-participating-schools-may-2022 on May 5, 2022). (See **Exhibit "C."**) Neither Aviator nor Spartan has ever appeared on that list.

## IV. ARGUMENTS AND LEGAL AUTHORITY

15. A discharge of debt under Section 727 (among others) does not discharge an individual debtor from any debt "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or an obligation to repay funds received as an educational benefit, scholarship, or stipend; or any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986 [26 USCS § 221(d)(1)], incurred by a debtor who is an individual[.]"[1]

16. The definition of a "qualified education loan" under that section of the Internal Revenue Code refers to "any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses… which are incurred on behalf of the taxpayer,… which are paid or incurred within a reasonable period of time before or after the indebtedness occurred, and which are attributable to education furnished during a period during which the recipient was an eligible student."[2]

17. To determine if a private student loan is a "qualified education loan," one must look to a number of factors that may be found in the Bankruptcy Code and the Internal Revenue Code.

18. Here, the Plaintiffs focus on certain necessary factors which indicate that the loan in question appears to be a non-qualified education loan that would render it eligible for discharge.

---

[1] 11 U.S.C. § 523(a)(8).
[2] 26 U.S.C. § 221(d)(1).

19. First, to be a "qualified education loan, it must be used to attend an "eligible educational institution," which (among other things) is eligible to participate in a program under Title IV of the Higher Education Act (20 U.S.C. §§ 1070 et seq.). As stated *supra*, Aviator / Spartan, by its own advertising, does not (and did not) offer qualifying Title IV accredited flight training. Further, that institution, whether identified as Aviator or Spartan, never appeared on the Department of Education's Federal School Code List identifying "eligible educational institutions" allowing it to participate in "qualified education loan" programs during the period in which Ryan was enrolled in flight training at that institution.

20. Second, eligible students receiving qualified education expenses must "carr[y] at least one-half the normal full-time workload for his or her course of study."[3] While Plaintiff is unable to identify any legal authority identifying what constitutes "half-time" in the context of flight training, the Veteran's Administration ("VA") identifies 9-15 hours of "clock time" as "half-time" for "non-college degree programs" such as flight training.[4] As seen heretofore, the Plaintiff attended flight training for an average of 3.1 hours weekly during the time of his enrollment in the subject flight training program. This tally falls far short of what would be considered "half-time" flight instruction.

21. Third, funds resulting from a qualified education loan must be used solely for "qualified higher education expenses."[5] Here, students at Aviator / Spartan were able to use loaned funds to purchase snacks and drinks at the school's snack bar. Arguably, snacks and drinks do not qualify as such.

---

[3] IRS Publication 970 (2025) at *11, 17, 18

[4] See https://benefits.va.gov/GIBILL/85_15/FTE.asp

[5] 26 U.S.C. 221(d)(1).

22. Additionally, FAR Part 61 flight training allows students to self-schedule their lessons and does not have a fixed program, catalogue or curriculum of training, or a defined clock-hour structure as opposed to training under FAR Part 141. Essentially, the training is self-paced. Notably, the FAA approves and certifies flight schools only through FAA Part 141. Aviator / Spartan only offered Part 61 training and was thus not an FAA-approved and certified flight school.

23. Given the foregoing, the loan taken out by the Plaintiff was not a qualified education loan but was rather a private consumer loan.

24. A private student loan may be excepted from discharge only if it is a "qualified educational loan" in accordance with 11 U.S.C. § 523(a)(8)(B), and meets the definition set forth therefor in 26 U.S.C. § 221(d)(1).[6] A non-qualified private education loan is "subject to a general bankruptcy discharge[.]"[7] No adversary proceeding to prove undue hardship is necessary when the education loan in question is non-qualified.[8] Despite this last authority, the instant adversary proceeding is filed out of an abundance of caution for the purpose of determining the dischargeability of the subject debt obligation.

25. Given the foregoing authority, and the facts and circumstances in this case, the private education loan in question should be considered to be non-qualified under the Bankruptcy Code, and as such may be discharged, and the Plaintiff need not prove undue hardship.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Court will determine that the subject loan is a non-qualified student loan which may be discharged, and enter an order discharging such debt in its entirety. Plaintiff further asks the Court to grant to him any such other and further relief to which he may show himself justly entititled.

---

[6] U.S. Asset Mgmt. v. Schmitz, 2023 Minn. Dist. LEXIS 8783, *5 (2023)
[7] Id.
[8] Id.

Dated: August 5, 2026.

Respectfully Submitted,

*/s/ Laurance C. Boyd*

Laurance C. Boyd
Oklahoma State Bar No. 35289
THE LAW OFFICE OF LAURANCE C. BOYD, PLLC
12740 Hillcrest Road, Suite 138
Dallas, Texas 75230
Telephone: (972) 460-5600
Email: larry@lcboyd-law.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 5, 2026, a true and correct copy of the foregoing Motion was served via the Court's ECF email system upon all parties receiving electronic notice in this case and by First Class U.S. Mail on the following

Meritize
c/o Chris Keaveney, Chief Executive Officer or any other officer
2770 Main Street, Suite 152
Frisco, Texas 75033

Missouri Higher Education Loan Authority a/k/a
c/o Scott Giles, Chief Executive Officer or any other officer
633 Spirit Drive
Chesterfield, Missouri 63005

*/s/ Laurance C. Boyd*
Laurance C. Boyd